UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>HAP PARTNERS PALO ALTO LLC,<br><br>  Defendant. | Case No.  5:21-cv-05722-EJD<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 15 |

Before this Court is Plaintiff Scott Johnson's application for default judgment against Defendant Hap Partners Palo Alto LLC. Pl.'s App. for Default Judgment ("App."), Dkt. No. 15. Plaintiff seeks damages, attorneys' fees and costs, and an injunction compelling Defendant to provide indoor and outdoor wheelchair accessible dining surfaces and wheelchair accessible sales counter in compliance with the Americans with Disabilities Act ("ADA") Accessibility Standards. *Id.* Default has been entered against Defendant and Defendant has not opposed this motion. The Court finds the motion appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons described below, the Court **GRANTS** Plaintiff's application for default judgment.

**I.    BACKGROUND**

Plaintiff Johnson is quadriplegic who cannot walk and uses a wheelchair for mobility, and he also has significant dexterity impairments. Memorandum in Support of Application for Default Judgment ("Memorandum"), Dkt. No. 15-1 at 1. Defendant Hap Partners Palo Alto LLC owns Howie's Pizza restaurant located at 855 El Camino Real in Palo Alto. Complaint, Dkt. No. 1 ¶ 3.

In March of 2021, Johnson went to Howie's Pizza restaurant where he observed that the indoor and outdoor dining surfaces did not provide adequate knee or toe clearance for wheelchair users. Memo. at 1. Johnson also discovered that Howie's Pizza did not have wheelchair accessible sales counter that he could use for his transactions. *Id.* Johnson returned to Howie's Pizza two more times in May of 2021 before bringing his claims. *Id.*

On July 20, 2021, an investigator with the Center for Disability Access went to Howie's Pizza restaurant to confirm Johnson's allegations and take photo evidence. *Id.* at 1–2. The investigator measured the sales counter at approximately 45 inches in height and observed that there were no other sales counters below 36 inches in height that are wheelchair accessible. *Id.* at 1; Declaration of Robert Marquis in Support of Plaintiff's Application for Default Judgment ("Marquis Decl."), Dkt. No. 15-5 ¶ 3. The investigator also confirmed that the indoor and outdoor dining surfaces lacked sufficient knee and toe clearance for wheelchair users. Memo. at 2; Marquis Decl. ¶ 2. Plaintiff alleges that due to the lack of dining surfaces with adequate knee and toe clearance and an ADA-compliant sales counter, he is deterred from returning to Howie's Pizza until the restaurant conforms with ADA standards. *Id.*

Johnson filed this case on July 27, 2021. *See* Compl. The Clerk of Court previously entered the default on Defendant on September 3, 2021. Dkt. No. 11. Notice of the original application for default judgment by the Court was served on Defendant on February 7, 2022. Dkt. No. 15. Johnson seeks an injunction compelling ADA-compliant dining surfaces and sales counter, as well as a $12,000 damages judgment against Defendant and $3,037 as attorneys' fees and costs. App. at 2.

**II.     LEGAL STANDARD**

Following default by a defendant, Federal Rule of Civil Procedure 55(b)(2) gives a Court the discretion to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The general rule is that default judgment is disfavored, and cases should be decided on their merits "[w]henever it is reasonably possible." *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985). "Where… a default has been entered, the factual allegations of the Complaint

Case No.: 5:21-cv-05722-EJD
ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT
2

together with other competent evidence submitted must be taken as true" except for damages. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1000 (N.D. Cal. 2001). This rule applies to all well-pled allegations regarding liability. *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

When deciding whether to enter a default judgment, the Court should consider: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

### III. DISCUSSION

#### A. Jurisdiction and Service of Process

A district court has an affirmative duty to first determine whether it has jurisdiction over the subject matter and personal jurisdiction over the parties in considering whether to enter default judgment. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court has both subject matter and personal jurisdiction.

#### 1. Subject Matter Jurisdiction

District courts have subject matter over all civil actions arising under the laws of the United States. 28 U.S.C. § 1331. Where a district court has subject matter jurisdiction it will also have supplemental jurisdiction over all other claims that are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. The Court has jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claim. Plaintiff's ADA claim arises under a law of the United States, 42 U.S.C. § 12101, et seq., and therefore the Court has subject matter jurisdiction over Plaintiff's claim. Similarly, the Court has supplemental jurisdiction over Plaintiff's claim for

1  relief pursuant to California's Unruh Civil Rights Act, a related cause of action that incorporates
2  the ADA, because it arises from the same "case or controversy" stemming from Plaintiff's three
3  visits to Howie's Pizza in Palo Alto.

### 2.   Personal Jurisdiction

A court must have a basis for the exercise of personal jurisdiction over the defendants in default. *In re Tuli*, 172 F.3d at 712.  Serving a summons establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.  Fed. R. Civ. P. 4(k)(1).  Personal jurisdiction requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

This Court has general personal jurisdiction over Defendant Hap Partners Palo Alto LLC because Defendant owns Howie's Pizza in Palo Alto, the business that is the subject of this lawsuit, and receives mail at this address and property in Redwood City.  Memo. at 4; Dkt. No. 15-7.  Furthermore, Plaintiff contends that even if Defendant is not domiciled in this district and therefore not subject to the Court's general jurisdiction, the Court has limited or specific jurisdiction because Defendant's in-state activity is "continuous and systematic" by operating a restaurant in Palo Alto.  Memo. at 4–5 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011)).

In addition, the procedural requirement of service must be satisfied before a federal court may exercise personal jurisdiction. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Federal Rule of Civil Procedure 4 governs service of summons or process.  A party effecting service on a company within a judicial district must serve a copy of the summons and complaint by (i) personal service or (ii) delivering the copies to an officer, a managing or general agent, or any other agent authorized to receive service.  FRCP 4(h).  Under California law, a summons may be served by personal delivery of a copy of the summons and the complaint to the person to be served.  Cal. Civ. Proc. Code § 415.10.

Case No.: 5:21-cv-05722-EJD
ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT
4

Here, Plaintiff effectuated personal service on an agent authorized to receive service of process on behalf of the entity, Howard Bulka, on August 4, 2022. Dkt. Nos. 8; 15-7 at 10 (exhibiting the California Department of Tax and Fee Administration website page, where Mr. Bulka is listed under the corporate officers and directors as a "registered agent"). Accordingly, the Court finds that Plaintiff gave Defendant proper service of process under both the Federal Rules of Civil Procedure and the California Code of Civil Procedure.

### B.      *Eitel* Factors

#### 1.      First Factor: Prejudice to Plaintiff

Having found the existence of jurisdiction and proper notice, the Court next examines the *Eitel* factors. The first factor considers whether Johnson would suffer prejudice if default judgment is not entered. Entry of default provides plaintiffs with means of recourse against defendants for the damages caused by their conduct. *See, e.g.*, *Ridola v. Chao*, No. 16-CV-02246-BLF, 2018 WL 2287668, at *5 (N.D. Cal. May 18, 2018); *Johnson v. Prospect Venture LLC*, No. 5:21-CV-04195-EJD, 2022 WL 2276890, at *3 (N.D. Cal. June 23, 2022). Johnson stated that he will return to Howie's Pizza to avail himself of the restaurant's goods and services once it is ADA-compliant and he no longer faces accessibility barriers. Compl. ¶ 25. Until then, Johnson has no other means of recourse.

#### 2.      Second and Third Factors: Substantive Merits and Sufficiency of the Claims

The second and third *Eitel* factors, which are typically considered together "because of the relatedness of the inquiries," also favor granting Plaintiff's request because Johnson's substantive claims for relief under the ADA and Unruh Act are legally sufficient and meritorious. *Ridola*, 2018 WL 2287668, at *5. Plaintiff's motion requests default judgment on two claims: (a) a violation of the Americans with Disabilities Act of 1990 ("ADA"); and (b) a violation of the California Unruh Civil Rights Act. The Court examines each claim in turn.

##### a.      ADA Claim, 42 U.S.C. § 12182(a)

Title III of the ADA prohibits discrimination directly or indirectly through contractual,

Case No.: 5:21-cv-05722-EJD
ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT
5

licensing, or other arrangements on the basis of disability within places of public accommodation. 42 U.S.C. § 12182(a); 42 U.S.C. § 12182(b)(1)(A)(i)-(iv).  The ADA states in full that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  The Ninth Circuit evaluates claims arising under the statute in three prongs: (1) whether plaintiff is disabled within the meaning of the ADA; (2) whether defendant "owns, leases (or leases to), or operates" a place of public accommodation; and (3) whether plaintiff was denied public accommodations by defendant because of their disability.  *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

As a threshold matter, a plaintiff must first establish Article III standing by demonstrating that plaintiff suffered (i) an injury in fact (ii) that is traceable to defendant's conduct and (iii) that is redressable by a favorable court decision. *Prospect Venture LLC*, 2022 WL 2276890, at *3 (citing *Ridola*, 2018 WL 2287668, at *5).  Plaintiff uses a wheelchair and claims that he visited Howie's Pizza on three separate occasions where he encountered barriers attributable to dining surfaces with insufficient toe and knee clearance and a sales counter that is not wheelchair accessible.  Compl. ¶¶ 8, 10-12, 16-17.  Plaintiff is in part seeking an injunction compelling compliance with ADA accessibility standards, which would redress Plaintiff's injuries.  The Court finds that Plaintiff has established standing to sue under the ADA.

Turning to the statute, the first prong of the ADA analysis requires the plaintiff to show that they are disabled within the meaning of the ADA.  A physical disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual."  42 U.S.C. § 12102(1).  Johnson is a C-5 quadriplegic with significant manual dexterity impairments who uses a wheelchair for mobility.  Compl. ¶ 1; Johnson Decl., Dkt. No. 15-4 ¶ 1.  Johnson clearly meets the statutory definition and satisfies the Ninth Circuit's first prong.

The second prong asks whether defendant "is a private entity that owns, leases, or operates

Case No.: 5:21-cv-05722-EJD
ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT
6

1    a place of public accommodation." *Molski*, 481 F.3d 724 at 730.  A public accommodation

2    includes "a restaurant, bar, or other establishment serving food or drink."  42 U.S. Code §

3    12181(7)(B).  This prong is also satisfied; Johnson alleges in the Complaint that Defendant

4    corporation, Hap Partners Palo Alto LLC, owns Howie's Pizza restaurant and has submitted public

5    records supporting this allegation.  Compl. ¶ 2; Dkt. No. 15-7.

6        Finally, the Court must find that plaintiff was denied public accommodations by defendant

7    because of plaintiff's disability.  One form of public accommodation discrimination includes a

8    "failure to remove architectural barriers" where removal is "readily achievable," or easily

9    accomplishable without much difficulty or expense.  42 U.S.C. § 12182(b)(2)(A)(iv); 42 USC §

10   12181(9).  Barriers are defined by reference to the ADA Standards, which require that dining

11   surfaces and sales counters satisfy certain measurements to ensure accessibility.  Johnson asserts

12   that Defendant's restaurant fails to comply with Section 306 and Section 904 of the 2010 ADA

13   Standards, which pertains to knee and toe clearance and sales and service counter requirements

14   respectively.  Memo. at 9.

15       Johnson alleges that during his three visits to Howie's Pizza, he encountered various

16   physical barriers because of his disability, including a lack of wheelchair accessible dining

17   surfaces and a sales counter that was too tall.  To substantiate his claims, Johnson submitted a

18   report from his investigator with images of the indoor and outdoor dining surfaces and the sales

19   counter.  Marquis Decl.; Dkt. No. 15-6.  The report confirms that the dining surfaces are non-

20   compliant with ADA standards because they lack sufficient toe and knee clearance.  Marquis Decl.

21   ¶ 2.  The investigator also measured the sales counter to be approximately 45 inches in height,

22   exceeding the ADA requirement that sales counters are no higher than 36 inches above the floor.

23   *Id.* at 3.  Accepting these allegations as true, the Court finds that Plaintiff has successfully

24   established that there are architectural barriers in Howie's Pizza in violation of the ADA.

25       Plaintiff further alleges that removal of these physical barriers is readily achievable.

26   Memo. at 11–12.  The statute points to four factors that should be considered when assessing

27   removal, and these factors thoroughly evaluate whether removal is easily accomplishable without

28   Case No.: 5:21-cv-05722-EJD
ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT
7

United States District Court
Northern District of California

1  much difficulty or expense. 42 U.S.C. § 12181(9)(A)-(D). The Ninth Circuit, however, has
2  adopted a burden-shifting framework that does not require a plaintiff to address each of the four
3  factors in detail to meet their burden of establishing that removal of an architectural barrier is
4  "readily achievable"; rather, a plaintiff must only "articulate a plausible proposal for barrier
5  removal." *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1035–36 (9th Cir. 2020). The
6  burden then shifts to the defendant "to prove the affirmative defense that removal of an
7  architectural barrier is not readily achievable." *Id.* at 1036.

8  Plaintiff alleges that the average cost of two ADA-compliant dining table costs between
9  $350-$800 and the cost of an ADA-compliant sales counter is between $500-$1,000. Memo. at
10 13. Based on Plaintiff's research, Plaintiff concludes that Defendant can make Howie's Pizza
11 ADA-compliant for under $5,000. *Id.* Accepting Plaintiff's submissions as true, the Court agrees
12 that removal of the barriers is easily accomplishable without much difficulty or expense. *See, e.g.*,
13 *Prospect Venture LLC*, 2022 WL 2276890, at *4 (finding lack of wheelchair accessible outside
14 dining surfaces and lack of wheelchair accessible paths of travel as architectural barriers where
15 removal is "readily achievable" without much difficulty or expense); *Johnson v. In Suk Jun*, No.
16 19-CV-06474-BLF, 2020 WL 6507995, at *5 (N.D. Cal. Nov. 5, 2020).

17 Since Defendant has not appeared in this action and therefore has not raised an affirmative
18 defense that removal of the architectural barriers is not readily achievable, the Court finds that
19 Plaintiff has alleged the requisite elements for an ADA claim. Accordingly, Plaintiff is entitled to
20 an order requiring Defendant to remove the barriers at issue.

21                    **b.     Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53**

22 "In the disability context, California's Unruh Civil Rights Act operates virtually identically
23 to the ADA…. Any violation of the ADA necessarily constitutes a violation of the Unruh Act."
24 *Molski*, 481 F.3d at 731 (citing Unruh Act, Cal. Civ. Code § 51(f)). Thus, because Johnson has
25 successfully alleged an ADA claim based on the same architectural barriers, he has also
26 successfully alleged a claim under California's Unruh Civil Rights Act.

27

28 Case No.: 5:21-cv-05722-EJD
ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT

### C.     Fourth Factor: The Sum of Money at Stake

The fourth *Eitel* factor involves balancing "the amount of money at stake in relation to the seriousness of defendant's conduct." *Love v. Griffin*, No. 18-CV-00976-JSC, 2018 WL 4471073, at *5 (N.D. Cal. Aug. 20, 2018), *report and recommendation adopted*, No. 18-CV-00976-JD, 2018 WL 4471149 (N.D. Cal. Sept. 17, 2018) (citing *Eitel*, 782 F.2d at 1471–72). "When the money at stake in the litigation is substantial or unreasonable, default judgment is discouraged." *Bd. of Trustees v. Core Concrete Const., Inc.*, No. C 11-02532 LB, 2012 WL 380304, at *4 (N.D. Cal. Jan. 17, 2012), *report and recommendation adopted*, No. C 11-02532 JSW, 2012 WL 381198 (N.D. Cal. Feb. 6, 2012). Default judgement may be appropriate, however, where the sum of money is "tailored to the specific misconduct of the defendant." *Id.*

Here, Johnson seeks statutory damages of $12,000 under the Unruh Civil Rights Act plus $3,037 in attorneys' fees and costs. Mot. at 2. For the reasons discussed below, the Court grants Johnson's request for statutory damages and attorneys' fees but reduces both for the reasons explained below. Johnson's request for costs is also granted. This tailored sum weighs in favor of granting Plaintiff's application for default judgment.

### D.     Fifth and Sixth Factors: The Possibility of a Dispute Concerning Material Facts and Possibility of Excusable Neglect

"Under the fifth and sixth *Eitel* factors, the Court considers whether there is a possibility of a dispute over any material fact and whether Defendants' failure to respond was the result of excusable neglect." *In Suk Jun*, 2020 WL 6507995, at *6. The Complaint alleges substantiated claims for violations of the ADA and the California Unruh Civil Rights Act. Upon entry of default, "the factual allegations of the Complaint together with other competent evidence submitted must be taken as true" except for damages." *Shanghai Automation Instrument Co.*, 194 F. Supp. 2d at 1000. Because Defendant has failed to respond or appear in the present action, there is no indication of disputed material facts or excusable neglect on Defendant's part. *See, e.g.*, *Prospect Venture LLC*, 2022 WL 2276890, at *5; *In Suk Jun*, 2020 WL 6507995, at *6. Defendant was properly served with the Summons, Complaint, and present application, and the Clerk entered noticed entry of default, leaving the Court with no basis to conclude that

Case No.:   5:21-cv-05722-EJD
ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT

1  Defendant's default resulted from excusable neglect. *See* Dkt. Nos. 8, 11, 15-13. Both factors

2  therefore weigh in Plaintiff's favor.

### E. Seventh Factor: Strong Policy Favoring Decisions on the Merits

The final factor balances the strong federal policy that "[c]ases should be decided on upon their merits whenever reasonably possible" against entry of default judgment. *Eitel*, 782 F.2d at 1472. "The existence of Federal Rule of Civil Procedure 55(b), however, shows that this policy is not dispositive." *Prospect Venture LLC*, 2022 WL 2276890, at \*6 (quoting *McMillan Data Commc'ns, Inc. v. AmeriCom Automation Servs., Inc.*, No. 14-CV-03127-JD, 2015 WL 4380965, at \*11 (N.D. Cal. July 16, 2015)).

In the present proceedings, the Court cannot render a decision on the merits where Defendant refuses to participate in any way. *In Suk Jun*, 2020 WL 6507995, at \*6 ("While the Court prefers to decide matters on the merits, Defendants' failure to participate in this litigation makes that impossible."). This district has previously entered default judgment under Rule 55(b) where defendants have refused to litigate. *See also Bd. of Trustees*, 2012 WL 380304, at \*4; *In Suk Jun*, 2020 WL 6507995, at \*6 (finding that "Default judgment, therefore, is Mr. Johnson's only recourse" where defendant refused to participate); *Prospect Venture LLC*, 2022 WL 2276890, at \*6. Accordingly, this factor also weighs in favor of granting Plaintiff's application.

Because all seven *Eitel* factors favor Plaintiff in this case, the Court finds that default judgement is warranted and **GRANTS** Plaintiff's motion for default judgment against Defendant Hap Partners Palo Alto, LLC.

## VI. RELIEF

The Court now turns to Johnson's requested relief, which includes injunctive relief, statutory damages under the Unruh Act, and attorneys' fees and costs.

### A. Injunctive Relief

Johnson requests an order compelling Defendant to provide indoor and outdoor wheelchair accessible dining surfaces and wheelchair accessible sales counter in compliance with the ADA Accessibility Standards. Memo. at 16. Under the ADA, aggrieved individuals "may obtain

injunctive relief against public accommodations with architectural barriers, including 'an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities.'" *Molski*, 481 F.3d at 730 (quoting § 12188(a)(2)).

Pursuant to the ADA, injunctive relief is available where a plaintiff shows that they were denied public accommodations at defendant's establishment due to architectural barriers in violation of the ADA, and that the removal of such barriers is "readily achievable." *Ridola*, 2018 WL 2287668, at *13 (citing *Moreno v. La Curacao*, 463 F. App'x 669, 670 (9th Cir. 2011)). For the foregoing reasons, Johnson has satisfied this burden and is therefore entitled to injunctive relief.

### B. Statutory Relief

Johnson seeks $12,000 in statutory damages under the California Unruh Civil Rights Act. A party that discriminates against a plaintiff in violation of California Civil Code § 51 is liable for monetary damages; the Act permits recovery of up to three times damages but imposes a $4,000 minimum per statutory violation. Cal. Civ. Code § 52(a). A plaintiff need not prove actual damages because "[a]ny violation of the ADA necessarily constitutes a violation of the Unruh Act." *Molski*, 481 F.3d at 731.

Johnson alleges that he visited Howie's Pizza on three separate occasions (once in March 2021 and twice in May 2021) and requests $4,000 for each visit, for a total of $12,000. Memo. at 17. However, Johnson does not allege any facts explaining his three visits, such as whether he visited a second time to inform Howie's Pizza of the ADA violations or to check if the barriers had been removed. Without any justification, "this Court can only assume the multiple visits were intended to increase the amount of statutory damages Plaintiff could receive in this case." *Johnson v. Fernandez*, No. 5:21-CV-04114-EJD, 2022 WL 2829883, at *8 (N.D. Cal. July 20, 2022). This Court has previously refused to grant more than $4,000 in statutory damages under similar circumstances. *See id.* (collecting cases).

The Court, therefore, **GRANTS** Plaintiff $4,000 in statutory damages for only one visit.

Case No.: 5:21-cv-05722-EJD
ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT
11

### C. Attorneys' Fees and Costs

"[T]he ADA gives courts the discretion to award attorney's fees to prevailing parties." *Molski*, 481 F.3d at 730 (citing 42 U.S.C. § 12205). A prevailing plaintiff may also recover attorneys' fees under the Unruh Act. Cal. Civ. Code § 55. In addition, Section 505 of the ADA includes "litigation expenses and costs," which includes all costs normally associated with litigation including investigative costs. 42 U.S.C. § 12205. Johnson seeks to recover $2,200 in attorneys' fees and $837 in costs. Memo. at 17, 24.

To calculate recoverable attorneys' fees, courts first look to the hours that were "reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This figure is known as the lodestar. *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 582 (9th Cir. 2010). Plaintiff's counsel, Potter Handy LLP (also known as the Center for Disability Access, or the "CDA"), submitted a billing statement that reflects 9 hours of work in total expended by attorneys Mark Potter, Amanda Seabock, and Tehniat Zaman, as well as various paralegals. Declaration of Russell Handy in Support of Plaintiff's Application for Default Judgment ("Handy Decl."), Dkt. No. 15-3 at 8–10. These hours are supported by a sworn statement from Mr. Handy averring that the billing statement is true and accurate. Handy Decl. ¶ 1. Defendant has not responded or opposed Plaintiff's request. Accordingly, the Court finds that Plaintiff's billing statement reflects reasonable billing hours.

Next, the Court considers Plaintiff's hourly rates. Counsel for Plaintiff bills at an hourly rate of $650 for Mr. Potter, $500 for Ms. Seabock, and $400 for Ms. Zaman. Handy Decl. ¶¶ 2, 4-5. Potter Handy LLP also uses a legal assistant and paralegal team with the baseline billing rate of $100 per hour and a maximum of $200 per hour for senior paralegals. Handy Decl. ¶ 6; Memo. at 23. Plaintiff's Counsel asserts that these rates fall within the median market for attorneys in the Northern District of California with similar qualifications, offering the Pearle Declaration, the 2020 Real Rate Report, and the O'Connor Declaration in support. Memo. at 17–23; Dkt. Nos. 15-8, 15-9, 15-10. Mr. Handy avers that Mr. Potter founded the CDA and has 25 years of experience litigating ADA cases. Handy Decl. ¶ 2. Ms. Seabock and Ms. Zaman both have several years of

Case No.: 5:21-cv-05722-EJD
ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT
12

ADA litigation experience as well. Handy Decl. ¶¶ 4-5.

However, to echo this Court's previous findings with respect to Plaintiff's attorney billing rates for ADA cases, "[n]umerous judges in this district have held that these rates are unreasonably high, given the routine and formulaic nature of the ADA cases litigated by Potter Handy LLP." *Prospect Venture LLC*, 2022 WL 2276890, at \*7. Rather, courts in this district have routinely awarded partners in ADA cases $475 an hour, $350 an hour to experienced associates, and $250 an hour to new associates. *See, e.g.*, *Johnson v. Ramirez*, No. 20-CV-04359-TSH, 2022 WL 1019554, at \*12 (N.D. Cal. Mar. 15, 2022), *report and recommendation adopted*, No. 20-CV-04359-SI, 2022 WL 1016573 (N.D. Cal. Apr. 5, 2022); *Johnson v. An Khang Mi Gia*, No. 5:21-CV-01702-BLF, 2021 WL 5908389, at \*8 (N.D. Cal. Dec. 14, 2021) ("The Court finds that the rates Plaintiff [Potter Handy LLP] seeks for Mr. Potter and Ms. Gutierrez exceed the rates granted in this community for similar work performed by attorneys of comparable skill, experience, and reputation."); *Love v. Mustafa*, No. 20-CV-02071-PJH-AGT, 2021 WL 2905427, at \*2 (N.D. Cal. June 11, 2021), *report and recommendation adopted*, No. 20-CV-02071-PJH, 2021 WL 2895957 (N.D. Cal. July 9, 2021). Accordingly, the Court will award $475 per hour to Mr. Potter and $350 per hour to Ms. Seabock and Ms. Zaman.

Finally, the Court turns to the requested costs. Plaintiff requests a total of $837 in costs, including: a $402 filing fee, a $400 investigation cost, and a $35 service fee. Memo. at 24. Plaintiff's request for $402 in support of the filing fee is well substantiated. *See* Compl., Dkt. No. 1 (confirming payment of filing fee and receipt number). In terms of the investigation fee, Plaintiff included the $400 fee in their billing statement and also submitted a declaration from the hired investigator in support of his work. Handy Decl.; Marquis Decl. Accordingly, the Court finds that this documentation constitutes sufficient evidence in support of Plaintiff's request for costs and therefore awards $872 in costs.

In sum, the Court **GRANTS** Plaintiff's requests for injunctive relief and $837 in costs but reduces Plaintiff's requested billing rate for attorneys' fees. Based on the Court's reductions of Potter Handy LLP's billing rates, the Court awards $1,945 in attorneys' fees.

Case No.: 5:21-cv-05722-EJD
ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT
13

## VII. CONCLUSION

For the reasons stated, Plaintiff's Motion for Default Judgment is **GRANTED**. The Court awards statutory damages in the amount of $4,000, attorneys' fees in the amount of $1,945, and costs in the amount of $837, for a total judgment of $6,782.

Plaintiff's request for injunctive relief is also **GRANTED**. Defendants are hereby ordered to provide wheelchair accessible indoor and outside dining surfaces and a wheelchair accessible sales counter at Howie's Pizza restaurant located at 855 El Camino Real in Palo Alto, California, in compliance with the Americans with Disabilities Act Accessibility Guidelines.

**IT IS SO ORDERED.**

Dated: August 23, 2022

EDWARD J. DAVILA
United States District Judge